IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARRIE LYNNE VENERABLE,**<br><br>  **Plaintiff,**<br><br>  v.<br><br> **KANSAS CITY, KANSAS PUBLIC SCHOOLS USD 500,**<br><br>  **Defendant.** | Case No. 25-2271-JAR-ADM |

### MEMORANDUM AND ORDER

On May 19, 2025, Plaintiff Carrie Lynne Venerable, proceeding pro se, filed this action against her former employer, Defendant Kansas City, Kansas Public Schools USD 500 ("KCK School District"), alleging several employment discrimination claims.[1] Before the Court is Defendant's Motion to Dismiss Complaint (Doc. 15) on several grounds.[2] Because Plaintiff's deadline to respond to this motion passed and she filed no response, the Court ordered her to show cause why the motion to dismiss should not be granted as uncontested.[3] Plaintiff responded, explaining that she did not understand she was expected to respond to the motion and seeking appointment of counsel to assist her in responding to the motion. Presiding Magistrate Judge Angel D. Mitchell denied Plaintiff's motion for appointment of counsel.[4] As described more fully below, the Court grants Defendant's motion to dismiss with leave to amend by

---

[1] Doc. 1.

[2] Defendant states that its motion is brought under Fed. R. Civ. P. 9(a)(1), 12(b)(2), (4)–(6), and 17(b)(3). The Court addresses Defendant's capacity-for-suit challenge provided for under Rules 9(a) and 17(b)(3) under the standard that applies for failure to state a claim. And because Defendant's personal jurisdiction challenge turns on service of process, the Court considers that under Rule 12(b)(5). Defendant's challenge to timely service of process under Rule 12(b)(4) is moot in light of the Court's ruling that service of process was insufficient but curable.

[3] Doc. 20; *see* D. Kan. Rule 6.1(d)(1) (providing 21-day response deadline for motions to dismiss).

[4] Doc. 26.

January 30, 2026, and grants Plaintiff 45 days to serve the summons and Amended Complaint on Defendant.

**I.  Standards**

"When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the burden shifts to the plaintiff to make a prima facie showing that [s]he served process properly."[5]  In ruling on a Rule 12(b)(5) motion to dismiss, the "court may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[6]  "A pro se plaintiff still must comply with Rule 4 and Kansas law for service of process."[7]

Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[8] and include "enough facts to state a claim to relief that is plausible on its face."[9]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[10]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[11]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it

---

[5] *Schwab v. Kansas*, No. 16-4033, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016).

[6] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[7] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Id.* at 570.

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

appears unlikely the allegations can be proven.[12] The Court will view all well-pleaded factual allegations in the light most favorable to the plaintiff.[13]

Because Plaintiff proceeds pro se, the Court must construe her filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[14] However, Plaintiff's pro se status does not excuse her from complying with federal and local rules.[15]

**II.     Background**

Plaintiff filed her Complaint on May 19, 2025. On August 25, 2025, Judge Mitchell issued to Plaintiff a Notice and Order to Show Cause why she should not recommend that Plaintiff's claims be dismissed without prejudice under Fed. R. Civ. P. 4(m) because there was no evidence in the record that the Complaint had been served on Defendant and the 90-day deadline for doing so under Rule 4 had expired.[16] Plaintiff responded on September 4, 2025, setting forth circumstances that she claims made it impossible to effect timely service.[17] Judge Mitchell then extended Plaintiff's time for service until October 1, 2025.[18]

Summons issued to "Kansas City Kansas Public Schools USD 500" on September 29, 2025, and a Proof of Service form was filed on October 17, 2025, on which Plaintiff checked the box for personal service of the summons at 2010 N. 59th St. in Kansas City, Kansas, 66104 on September 29, 2025.[19] The form is signed by Plaintiff and dated September 29, 2025. Plaintiff

---

[12] *Iqbal*, 556 U.S. at 678.

[13] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[16] Doc. 10.

[17] Doc. 11.

[18] Doc. 12.

[19] Doc. 14.

hand-delivered the summons to Aaron Watkins, who is the Assistant Director of Human Resources for the KCK School District. No Complaint was included with the summons.

### III.   Discussion

#### A.   Insufficient Service of Process

Defendant first moves to dismiss for insufficient service of process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[20] Moreover, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."[21]

Defendant correctly points to several ways in which Plaintiff's service attempt on September 29 did not comply with Fed. R. Civ. P. 4: (1) Plaintiff did not include a copy of the Complaint with the summons, in violation of Rule 4(c)(1); (2) Plaintiff personally served the summons herself, in violation of Rule 4(c)(2); and (3) Plaintiff did not comply with the service rules that apply to a local governmental organization under either Rule 4(j) or K.S.A. § 60-304(d) when she served Mr. Watkins.

Plaintiff responds that she filled out the summons form provided by the Clerk's office, and she suggests that she relied on that office to advise her about how to accomplish service since she does not have an attorney. But Plaintiff proceeds pro se in this matter, and Judge Mitchell has determined that she does not meet the standard for appointment of counsel at this stage of the litigation.[22] The Court's website provides resource materials and forms for self-

---

[20] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

[21] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

[22] *See* Doc. 26.

4

represented individuals,[23] and Plaintiff is expected to comply with the federal and local rules despite her lack of representation.  The Clerk's office does not offer legal advice to pro se litigants.

Despite Plaintiff's failure to correctly serve Defendant, the Court declines to dismiss under Rule 12(b)(5) at this time.  "Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant."[24]  "The court nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted."[25]  Service here was insufficient but curable, so the Court declines to dismiss based on the service defects identified above.  Moreover, as described below, because the Court grants Plaintiff leave to amend to cure the technical deficiency with Defendant's name, she will be required to re-serve the Amended Complaint along with a summons on Defendant.  Plaintiff shall comply with the service requirements under Rule 4 in serving Defendant with the Amended Complaint and summons.

      **B.**     **Capacity for Suit**

Defendant also moves to dismiss for failure to state a claim because it lacks capacity for suit.  It argues that "a school district can only be sued in its designated name and the board is not an entity that cannot sue or be sued."[26]  According to Defendant, its designated name is Unified School District No. 500, rather than the name in the caption of Plaintiff's Complaint: Kansas City Kansas Public School District 500.

---

[23] *See* United States District Court, District of Kansas, https://ksd.uscourts.gov/resource-materials; Filing Your Lawsuit in Federal Court: A Pro Se Guide (rev. Dec. 2023), *at* https://ksd.uscourts.gov/sites/ksd/files/Pro%20Se%20Guide%20Revisions%202023%20%28002%29.pdf.

[24] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008).

[25] *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

[26] Doc. 16 at 3.

To the extent Defendant suggests that the school district does not have the capacity to be sued, it is mistaken. "Under Kansas law, a school district may sue and be sued in the name of the unified school district."[27] Under the applicable statute, a "school district shall be designated by the name and style of 'unified school district No. ____ (the number designated by the state board of education), ____ county (naming the home county of the unified school district), state of Kansas,' and by such name may sue and be sued, execute contracts and hold such real and personal property as it may acquire."[28] Although Plaintiff did not strictly comply with the naming convention in the statute, she did not name either the state or local Board of Education, as Defendant suggests in its motion.

Thus, while Defendant's motion is well-taken insofar as Plaintiff failed to strictly comply with Defendant's naming convention under K.S.A. § 72-1131, it is a technical defect that is easily curable. And given Plaintiff's pro se status, the Court must grant her leave to amend.[29] Thus, Plaintiff is directed to file an Amended Complaint by no later than January 30, 2026, correcting Defendant's name in order to comply with the statute: Unified School District 500, Wyandotte County, Kansas. Plaintiff must then comply with Rule 4 in serving the summons and Amended Complaint within 45 days.[30]

---

[27] *M.T. v. Olathe Pub. Schs. USD 233*, No. 17-2710-JAR-GEB, 2018 WL 1847036 (D. Kan. Apr. 18, 2018) (quoting *Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1300 (D. Kan. 2006)).

[28] K.S.A. § 72-1131.

[29] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

[30] Because the summons and original Complaint were not properly served, the Amended Complaint is not "a pleading filed after the original complaint," for purposes of Rule 5(a)(1)(B). In other words, Rule 4, not Rule 5, governs service of the Amended Complaint. *See* 4B Wright & Miller's Federal Practice & Procedure § 1146 (4th ed. 2025 supp.).

**IV.     Conclusion**

The Court grants Plaintiff leave to amend to correct the technical defect in the caption of the Complaint; Plaintiff shall file the Amended Complaint correcting Defendant's name in the caption by no later than January 30, 2026.  Plaintiff shall have 45 days from the filing of the Amended Complaint to serve the Amended Complaint and summons on Defendant by complying with either Rule 4(j)(2)(1) or Kansas law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 15) is granted with leave to amend.  Plaintiff may file an Amended Complaint correcting Defendant's name in the caption by no later than January 30, 2026.  If she does so, she shall serve the summons and Amended Complaint on Defendant within 45 days.  If Plaintiff fails to amend by January 30, 2026, this case will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: January 15, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
