# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARRIE LYNNE VENERABLE,

      Plaintiff,

      v.

USD 500 KANSAS CITY, KANSAS, et al.,

      Defendants.

Case No. 2:25-CV-02271-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Carrie Lynne Venerable, proceeding *pro se*, brings this action against Defendant USD 500 Kansas City, Kansas ("USD 500") and several of its employees, Nancy Gatewood, Ruchithri Favreau, LeaAnn Smiroldo, and Aaron Watkins (collectively, the "Individual Defendants"), asserting claims for discrimination and retaliation on the basis of race, religion, and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). The Court previously dismissed Plaintiff's claims but granted her leave to amend,[1] and Plaintiff has since filed an Amended Complaint.[2] This matter is now before the Court on USD 500 and the Individual Defendants' Motion to Dismiss (Doc. 30). Plaintiff did not respond to the motion, and the time to do so has expired.[3] For the reasons explained below, the Court grants the motion in part. Specifically, the Court dismisses Plaintiff's claims against the Individual Defendants without leave to amend, grants

---

[1] Doc. 27.

[2] Doc. 28.

[3] *See* D. Kan. Rule 6.1(d)(1) (providing a 21-day response deadline for dispositive motions). D. Kan. Rule 7.1(c) provides that if a response is not filed by the deadline, "the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the Court could grant this motion as unopposed, out of an abundance of caution, it will decide the motion on the merits.

Plaintiff leave to file a Second Amended Complaint that includes a demand for relief, declines to dismiss Plaintiff's claims against USD 500 based on insufficient service of process, and gives Plaintiff one final opportunity to properly serve USD 500.

## I.    Background

Plaintiff filed her Complaint on May 19, 2025.[4]  USD 500 previously moved to dismiss the Complaint on several grounds, including insufficient service of process and failure to name the proper legal entity.[5]

On January 15, 2026, the Court entered a Memorandum and Order granting USD 500's motion to dismiss with leave to amend.[6]  The Court found that Plaintiff's initial attempt to serve USD 500 was insufficient because Plaintiff did not include a copy of the Complaint with the summons, personally served the summons herself, and did not comply with the service rules applicable to a local governmental organization.[7]  Because those service defects were curable, the Court declined to dismiss the case on that basis at that time.[8]  The Court also found that Plaintiff had failed to strictly comply with USD 500's statutory naming convention, but that the defect was technical and curable.[9]  The Court therefore granted Plaintiff leave to file an Amended Complaint correcting USD 500's name in the caption and ordered Plaintiff to serve the summons and Amended Complaint within 45 days.[10]

---

[4] Doc. 1.

[5] Doc. 15.

[6] Doc. 27.

[7] *Id.* at 4–5.

[8] *Id.* at 5.

[9] *Id.* at 5–6.

[10] *Id.* at 7.

Plaintiff filed her Amended Complaint on January 26, 2026.[11] The Amended Complaint names USD 500 as Plaintiff's place of employment and identifies Nancy Gatewood, Ruchithri Favreau, LeaAnn Smiroldo, and Aaron Watkins as individual defendants.  A summons was issued for USD 500, but no summonses have been issued for the Individual Defendants.  Plaintiff then filed a proof of service reflecting that she personally mailed the summons to USD 500 by certified mail.[12]  The certified mailing was signed for by Dawn Downing, USD 500's Interim Board Clerk.  The Amended Complaint was not included with the summons.

## II.    Discussion

The Individual Defendants move to dismiss under Rule 12(b)(6), arguing that Plaintiff cannot state Title VII or ADEA claims against them because neither statute imposes individual liability on employees.  USD 500 moves to dismiss under Rule 8, arguing that the Amended Complaint does not contain a demand for relief,[13] and under Rules 12(b)(2), 12(b)(4), and 12(b)(5), arguing that Plaintiff failed to properly serve USD 500.  The Court addresses each argument in turn below.

### A.  Individual Defendants

The Court begins with the Individual Defendants' Rule 12(b)(6) argument.  To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[14] and include "enough

---

[11] Doc. 28.

[12] Doc. 29.

[13] The Individual Defendants also seek dismissal under Rule 8.  However, the Court does not reach that argument because, for the reasons explained below, the Court dismisses Plaintiff's claims against the Individual Defendants under Rule 12(b)(6).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

facts to state a claim to relief that is plausible on its face."[15]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[16]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[17]  The Court must accept the non-moving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[18]  The Court will view all well-pleaded factual allegations in the light most favorable to Plaintiff.[19]  And because Plaintiff proceeds *pro se*, the Court must construe her filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[20]  However, Plaintiff's *pro se* status does not excuse her from complying with federal and local rules.[21]

The Individual Defendants argue that Plaintiff's Title VII and ADEA claims against them must be dismissed because neither statute imposes liability on employees in their individual capacities, and because Plaintiff does not otherwise allege that any of them qualified as her employer within the meaning of either statute.  The Court agrees.

---

[15] *Id.* at 570.

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[18] *Iqbal*, 556 U.S. at 678.

[19] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[21] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

Title VII prohibits an *employer* from discriminating against an individual on the basis of race, color, religion, sex, or national origin.[22]  The ADEA prohibits an *employer* from discriminating against an individual because of age.[23]  Both statutes define "employer" to mean a person engaged in an industry affecting commerce who has the requisite number of employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.[24]  And the Tenth Circuit has made clear that neither Title VII nor the ADEA imposes individual liability on employees.[25]  Thus, to state a claim under Title VII or the ADEA, Plaintiff must allege facts showing that each Defendant was her employer within the meaning of the applicable statute.

Here, the Amended Complaint does not do so.  It does not allege facts showing that any of the Individual Defendants satisfy the requirements under either Title VII or the ADEA to be considered Plaintiff's employer.  And because neither statute permits individual liability, Plaintiff cannot state a claim against the Individual Defendants based solely on their status as USD 500 employees.  Plaintiff therefore fails to state a Title VII or ADEA claim against the Individual Defendants.

And although *pro se* parties generally should be allowed leave to amend, the Court may dismiss a claim without leave to amend "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[26]  Because

---

[22] 42 U.S.C. § 2000e-2(a).

[23] 29 U.S.C. § 623(a).

[24] *See* 42 U.S.C. § 2000e(b) (requiring an "employer" to have fifteen or more employees for Title VII liability); 29 U.S.C. § 630(b) (requiring an "employer" to have twenty or more employees for ADEA liability).

[25] *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII."); *Fuller v. Dep't of Child. & Fams.*, 805 F. App'x 601, 605 (10th Cir. 2020) ("[T]he ADEA permits suit only against employers and not against supervisory employees.").

[26] *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

Plaintiff's claims against the Individual Defendants rest on their alleged conduct as USD 500 employees, and neither Title VII nor the ADEA permits individual liability on that basis, amendment of those claims would be futile.  The Individual Defendants' motion to dismiss is therefore granted without leave to amend.

### B.  USD 500

The Court next turns to USD 500's arguments.  USD 500 raises two separate grounds for dismissal.  First, USD 500 argues that the Amended Complaint does not satisfy Rule 8 because it contains no demand for relief.  Second, USD 500 argues that Plaintiff's attempted service was insufficient because she did not serve the Amended Complaint with the summons and personally attempted service despite being a party to this action.  The Court addresses each argument separately.

### 1.  Demand for Relief

Rule 8(a)(3) requires a complaint to contain "a demand for the relief sought."[27]  Failure to comply with Rule 8 may provide a basis for dismissal under Rule 12(b)(6).[28]  Here, the Amended Complaint contains no demand for relief.  The Amended Complaint therefore does not comply with Rule 8(a)(3).  Accordingly, USD 500's motion to dismiss is granted on this basis.

However, because this defect is technical and easily curable, and because Plaintiff proceeds *pro se*, the Court grants Plaintiff leave to amend her pleading to include a demand for

---

[27] Fed. R. Civ. P. 8(a)(3).

[28] *Huffman v. Kansas*, No. 2:25-CV-02088-HLT-TJJ, 2026 WL 878451, at *8 (D. Kan. Mar. 31, 2026) ("Federal complaints are subject to Rule 8, and a court may dismiss a noncompliant complaint under Rule 12(b)(6).").

the relief sought.[29]  Plaintiff must file a Second Amended Complaint that includes a demand for relief within 14 days of the date of this Order.

### 2.  Insufficient Service of Process

USD 500 also moves to dismiss under Rules 12(b)(2), 12(b)(4), and 12(b)(5), arguing that Plaintiff's attempted service was defective and therefore did not confer personal jurisdiction over USD 500.  A motion to dismiss under Rule 12(b)(4) challenges "the form of process or the content of the summons," while a motion under Rule 12(b)(5) challenges "the mode or lack of delivery of a summons and complaint."[30]  Furthermore, because "[v]alid service of process is a prerequisite to personal jurisdiction over a defendant,"[31] a plaintiff's failure to establish valid service of process implicates Rule 12(b)(2) as a basis for dismissal.[32]

Here, although USD 500 invokes Rule 12(b)(4), it does not identify any defect in the summons itself.  Instead, USD 500 argues that service was insufficient because Plaintiff did not serve the Amended Complaint with the summons and personally attempted service despite being a party to this action.  Those arguments challenge the manner and sufficiency of service, not the form or content of the summons.  The Court therefore addresses USD 500's arguments under Rule 12(b)(5).  And because USD 500's Rule 12(b)(2) argument also turns on whether Plaintiff effected valid service, the Court considers that argument under Rule 12(b)(5) as well.

When a defendant moves under Rule 12(b)(5) based on insufficient service of process, the burden shifts to the plaintiff to make a prima facie showing that the plaintiff properly served

---

[29] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

[30] *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994).

[31] *Rader v. U.S.D. 259 Wichita Pub. Schs.*, No. 10-4118-KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011).

[32] *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016).

process so as to permit the Court to exercise personal jurisdiction over the defendant.[33]  In ruling on a Rule 12(b)(5) motion to dismiss, the court "may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[34]

Rule 4(c) governs the basic requirements for service of process in federal court.  Under Rule 4(c)(1), "[a] summons must be served with a copy of the complaint."[35]  Rule 4(c)(2) further provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."[36]  Thus, because a plaintiff is a party to the action, Rule 4(c)(2) prohibits a plaintiff from personally serving process on a defendant.  That prohibition applies equally when service is attempted by mail.[37]

Here, Plaintiff has not made a prima facie showing that she properly served USD 500. First, Plaintiff's proof of service reflects that she mailed a summons to USD 500, but it does not state that she served the Amended Complaint with the summons.  USD 500 has submitted a declaration from Ms. Downing stating that no Amended Complaint was included with the service documents delivered to USD 500.  Furthermore, USD 500 has also submitted the summons and other materials it received from Plaintiff, and those materials do not include the Amended Complaint.  Plaintiff did not respond to USD 500's motion and therefore has not shown that she

---

[33] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

[34] *Schwab*, 2016 WL 4039613, at *3 (quoting *Fisher*, 531 F. Supp. 2d at 1260).

[35] Fed. R. Civ. P. 4(c)(1).

[36] Fed. R. Civ. P. 4(c)(2).

[37] *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); *Goico v. United States*, No. 20-1025-JWB, 2020 WL 5761438, at *3 (D. Kan. Sept. 28, 2020) ("Because Plaintiff personally mailed the summons, the court finds that the summonses are defective pursuant to Rule 4(c)(2).").

did, in fact, serve the Amended Complaint with the summons. Accordingly, the Court finds that Plaintiff failed to serve the Amended Complaint with the summons as Rule 4(c)(1) requires.

Second, Plaintiff's attempted service was insufficient because she mailed the summons herself. The proof of service reflects that Plaintiff personally sent the summons to USD 500 by certified mail. But Rule 4 does not permit a party to serve process herself, whether by personal delivery or by mail. Because Plaintiff is a party to this action, she was required to have service completed by another person who is at least 18 years old and not a party. Plaintiff's attempted service on USD 500 was therefore insufficient.

However, before dismissing a claim for insufficient service of process, the Tenth Circuit requires that district courts inquire whether a plaintiff has demonstrated good cause for her failure to timely effect service.[38] If a plaintiff shows good cause, she is entitled to a mandatory extension of time to effect proper service.[39] But even in the absence of good cause, a court may, in its discretion, still grant a permissive extension of time.[40] Relevant factors for a court to consider when deciding whether to grant a permissive extension include whether a plaintiff is proceeding *pro se*, whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action.[41] "Generally, when the Court finds that service is

---

[38] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[39] *Id.*

[40] *Id.*

[41] *See, e.g.*, *Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015); *Hopkins v. Clinton*, No. CV 09-185 JCH/CG, 2009 WL 10665432, at *2 (D.N.M. Oct. 30, 2009) (citing *Espinoza*, 52 F.3d at 841−42).

insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant."[42]

Here, because Plaintiff has not responded to USD 500's motion to dismiss, the Court finds that she has not shown good cause for failing to effect proper service and thus is not entitled to a mandatory extension. Nonetheless, the relevant factors support granting a permissive extension in this case. Plaintiff proceeds *pro se*, USD 500 has received notice of the lawsuit, and USD 500 has demonstrated, through its present motion, its ability to defend against Plaintiff's claims. Although this case was filed more than one year ago, it remains in an early stage of litigation because USD 500 has not yet been properly served and the case has not progressed beyond the pleading stage. And nothing in the record, other than this lapse of time, suggests that allowing Plaintiff one final opportunity to effect proper service will prejudice USD 500.

That said, the Court is mindful that Plaintiff has already been given an opportunity to correct these same service defects. In its prior Order, the Court explained that Plaintiff's first attempt to serve USD 500 was deficient because she failed to serve a copy of the original Complaint with the summons and personally served the summons herself. Despite that guidance, Plaintiff repeated those errors when attempting to serve the Amended Complaint on USD 500. The Court therefore emphasizes that this is Plaintiff's final opportunity to properly serve USD 500. Plaintiff must serve both the summons and the Second Amended Complaint on USD 500 in compliance with Rule 4, and Plaintiff may not serve process herself, including by mail.

Accordingly, the Court declines to dismiss Plaintiff's claims against USD 500 based on insufficient service of process. Further, as explained above, the Court grants Plaintiff leave to

---

[42] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008).

file a Second Amended Complaint curing the technical deficiency regarding Plaintiff's failure to include a demand for relief.  If Plaintiff files a Second Amended Complaint, Plaintiff must then properly serve USD 500 with the summons and the Second Amended Complaint within 45 days from the date she files it.  Failure to properly serve USD 500 within that time will result in dismissal of Plaintiff's claims against USD 500 without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that USD 500 and the Individual Defendants' Motion to Dismiss (Doc. 30) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII and ADEA claims against Defendants Nancy Gatewood, Ruchithri Favreau, LeaAnn Smiroldo, and Aaron Watkins are dismissed without leave to amend.  The Clerk is directed to terminate Nancy Gatewood, Ruchithri Favreau, LeaAnn Smiroldo, and Aaron Watkins as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a Second Amended Complaint that includes a demand for relief within 14 days of the date of this Order.  If Plaintiff files a Second Amended Complaint, she shall serve the summons and the Second Amended Complaint on USD 500 within 45 days from the date she files the Second Amended Complaint. If Plaintiff fails to file a Second Amended Complaint within 14 days or fails to properly serve USD 500 within 45 days from the date she files the Second Amended Complaint, Plaintiff's claims against USD 500 will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: June 1, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE