**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CARRIE LYNNE VENERABLE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**USD 500 KANSAS CITY, KANSAS,**<br><br>**Defendant.** | **Case No. 2:25-cv-02271-JAR-ADM** |

**MEMORANDUM AND ORDER**

Plaintiff Carrie Lynne Venerable, proceeding pro se, brings this action against Defendant USD 500 Kansas City, Kansas asserting claims for discrimination and retaliation based on race and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), disability in violation of the Americans with Disabilities Act of 1990 ("the ADA"), and age in violation of the Age Discrimination in Employment Act ("the ADEA"). This matter is before the Court on Defendant's Motion to Dismiss Complaint for Employment Discrimination (Doc. 46), and Plaintiff has not responded to the motion and the time to do so has expired.[1] For the reasons explained below, the Court grants Defendant's motion.

## I. Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[2] and must include "enough facts to state a claim for relief that is plausible on its face."[3]

[1] *See* D. Kan. R. 6.1(d)(1); 7.1(c).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Wright & Miller's Federal Practice and Procedure § 1216 (3d ed. 2004)).

[3] *Id*. at 570.

Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[5] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the Court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8] Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9] Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

---

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Id.*

[9] *Id.* at 679.

[10] *Id.*

[11] *Id.* at 678.

"A district court may not grant a 12(b)(6) dismissal based solely on the plaintiff's failure to respond. Instead, it 'must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.'"[12] And while "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," the court will not "assume the role of advocate for the pro se litigant."[13]

## II. Background

The following facts are alleged in Plaintiff's Second Amended Complaint or her Charge of Discrimination referenced in her Complaint and attached to Defendant's motion.[14] In August 2021, Defendant hired Plaintiff as a Manager Trainee. During her employment, Plaintiff alleges that she was teased about her religion; coworkers made comments about her age; and she was discriminated against based on her vision. Plaintiff alleges that the harassment against her became more blatant when Defendant hired a new manager and worker.

Plaintiff alleges that she constantly reported these hostile work situations. During this time, Plaintiff was passed over for promotion twice. Plaintiff contends that she was also, among other things, moved to various locations when she questioned her lack of promotion. And finally, during her yearly review on May 9, 2024, Plaintiff was told that her hours would be cut and she would be demoted.

---

[12] *Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (citation omitted) (quoting *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003)).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'").

On January 12, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("the EEOC"). Plaintiff alleged in her Charge that she was harassed and retaliated against based on her race (African American), religion (Christian), and age (62 years old). Her Charge did not reference discrimination based on vision. On February 20, 2025, Plaintiff obtained a Notice of Right to Sue from the EEOC, and she filed her original complaint on May 19, 2025. Plaintiff filed her Second Amended Complaint on June 16, 2026. Defendant moved to dismiss Plaintiff's claims for failure to exhaust administrative remedies and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## III. Discussion

Plaintiff alleges that Defendant discriminated and retaliated against her based on her race and religion in violation of Title VII, age in violation of the ADEA, and disability in violation of the ADA. In its motion to dismiss, Defendant first contends that Plaintiff's claims for punitive damages should be dismissed because punitive damages cannot be recovered against a governmental entity for employment discrimination. Second, Defendant moves to dismiss Plaintiff's ADA and Title VII claims because Plaintiff failed to administratively exhaust. And finally, Defendant argues that Plaintiff's Second Amended Complaint fails to establish plausible claims under Title VII, the ADEA, or the ADA. The Court will address each argument in turn.

### A. Punitive Damages

Plaintiff's Second Amended Complaint seeks "[p]unitive damages, due to continuous malicious and reckless harassment and defamation of character."[15] Defendant argues that Plaintiff is not entitled to punitive damages because punitive damages may not be recovered against a governmental entity. The Court agrees. Plaintiffs in employment discrimination cases

[15] Doc. 40 at 6.

may not recover punitive damages against "a government, government agency or political subdivision."[16] Thus, Plaintiff is not entitled to punitive damages on any of her claims because Defendant—a public school—is a governmental entity. The Court therefore dismisses Plaintiff's claims for punitive damages.

### B. Failure to Exhaust

The Court next examines whether Plaintiff sufficiently exhausted administrative remedies before bringing her ADA and Title VII claims. "[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident . . . permits the employer to raise an affirmative defense of failure to exhaust."[17] Defendant argues that this defense should apply to Plaintiff's ADA claim because her Charge does not mention any discrimination or retaliation based on Plaintiff's alleged disability—"vision." The Court agrees. Plaintiff's Charge states that she was "Discriminat[ed] Based On: Age, Race, Religion, Retaliation."[18] There are no references to discrimination based on vision, or any other disability, elsewhere in her Charge. The Court therefore dismisses Plaintiff's ADA claim for failure to exhaust.[19]

Defendant argues that the Court should also dismiss Plaintiff's Title VII claims for failure to exhaust because her Charge lacks factual support for these claims. The Court agrees that the Charge contains minimal factual support for Plaintiff's Title VII claims; however, "[b]ecause EEOC Charges are traditionally filed by non-attorneys, . . . the Charges should be 'liberally

---

[16] 42 U.S.C. § 1981a(b)(1).

[17] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

[18] Doc. 47-1 at 1.

[19] *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) ("Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint.").

construe[d]' at all levels of their review."[20] And here—unlike her ADA claim—Plaintiff references her allegations of race and religious discrimination in her Charge. Thus, the Court will not dismiss Plaintiff's Title VII claims on exhaustion grounds; instead, the Court proceeds to consider whether Plaintiff's Title VII and ADEA claims must be dismissed on the merits.

### C. Title VII and ADEA Factual Allegations

Title VII prohibits "discriminat[ion] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[21] Title VII also makes it unlawful to retaliate against an employee because the employee opposed an employment practice made unlawful by Title VII.[22] Likewise, the ADEA provides that "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age."[23] The ADEA's protections are limited to individuals who are at least 40 years old.[24]

In *Khalik v. United Air Lines*,[25] the Tenth Circuit provided an extensive analysis for applying pleading standard from *Twombly* to employment discrimination and retaliation claims.[26] The court was careful to note that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to successfully plead a claim of discrimination.[27]

---

[20] *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018) (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)).

[21] *Russell v. Driscoll*, 157 F.4th 1348, 1350 (10th Cir. 2025) (alteration in original) (quoting 42 U.S.C. § 2000e-2(a)(1)).

[22] 42 U.S.C. § 2000e-3(a).

[23] 29 U.S.C. § 623(a)(1).

[24] *Id.*

[25] 671 F.3d 1188 (10th Cir. 2012).

[26] *Id.* at 1193–94.

[27] *Id.* at 1193.

Instead, she is only required to "set forth plausible claims."[28] Nevertheless, "the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim."[29]

In Plaintiff's Second Amended Complaint, she checked boxes indicating that Defendant discriminated and retaliated against her based on her race, religion, and age. Next to the checked boxes, Plaintiff stated that "[d]ifferences were made between races.regarding [sic] salary and promotions and promotions [sic] and in personal areas" and that she was "[t]eas[ed] based on religion."[30] Plaintiff also provided the following narrative:

> On at least two occasions I was passed over for promotion, I should not have been in the current position for over a year but was denied promotion using a reason that was not based on my performance. Retaliation occurred when I continued to questio[n] a promotion. I was demoted based on incorrect circumstances. In the midst of the ordeal, I was constantly attacked and reporting hostile work situations. This harrassment [sic] from workers and management took place more blatantly when a new manager and worker began to work at the district. During the entire time I was there, I was moved to various locations. Harrassment [sic] and rumo[r]s extended to other manage[r]s and got worse, ending in a demotion and cut in pay. I was also told my hours would be cut during the yearly review and demotion.[31]

Defendant argues these allegations cannot establish a plausible claim under either Title VII or the ADEA because they are entirely conclusory or legal arguments. The Court agrees.

In her Second Amended Complaint, Plaintiff primarily described her discrimination and retaliation by checking boxes and making conclusory allegations that any differences in salary and promotions were based on her protected statuses. And Plaintiff's narrative only abstractly

---

[28] *Id.*

[29] *Id.* at 1192.

[30] Doc. 40 at 4.

[31] *Id.* at 5.

refers to harassment, rumors, and retaliation without identifying specific facts.[32] Setting aside these conclusory allegations, the Court is left with the following facts: (1) Plaintiff was born in 1961; (2) she was teased based on religion; (3) she heard comments about her age; (4) she was moved to different locations; (5) she was in the same position for over a year; and (6) she was demoted. The Court finds that these "general assertions of discrimination and retaliation, without any details whatsoever of events . . . , are insufficient to survive a motion to dismiss. While '[s]pecific facts are not necessary,' some facts are."[33] The Court therefore grants Defendant's motion to dismiss Plaintiff's Title VII and ADEA claims for failure to state a claim.

However, a pro se litigant is generally entitled to notice and an opportunity to amend their complaint to overcome any deficiency unless it is clear that no amendment can cure the defect.[34] Because Plaintiff proceeds pro se and the Court finds that amendment may cure at least some of the defects cited above, the Court will grant Plaintiff an opportunity to amend to remedy the deficiencies with her Title VII and ADEA claims identified in this Order.[35] As such, Plaintiff may file another amended complaint within twenty-one days of this Order. Failure to file an amended complaint that cures the defects in her Title VII and ADEA claims within this time will result in dismissal of the remainder of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Complaint for Employment Discrimination (Doc. 46) is **granted with leave to amend**

[32] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("[T]he *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face.").

[33] *Id.* at 1193 (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Armour*, 724 F. App'x 663, 665 (10th Cir. 2018) (finding the district court properly dismissed a Title VII claim where the plaintiff "referenced race discrimination and retaliation in her complaint only by checking boxes in an employment-discrimination complaint form" and providing "entirely conclusory" allegations).

[34] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[35] The Court acknowledges that Plaintiff has already been granted leave to amend twice; however, those amendments were not granted on the basis that her factual allegations were insufficient.

**in part within twenty-one (21) days from the date of this Order.** Plaintiff's ADA and punitive damages claims are **dismissed and not subject to amendment**. Plaintiff's Title VII and ADEA claims are **dismissed with leave to amend within twenty-one (21) days from the date of this Order.** If Plaintiff fails to file an amended complaint within the time permitted, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: October 19, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE