**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CARRIE LYNNE VENERABLE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**USD 500 KANSAS CITY, KANSAS,**<br><br>**Defendant.** | **Case No. 2:25-cv-02271-JAR-ADM** |

# MEMORANDUM AND ORDER

Plaintiff Carrie Lynne Venerable, proceeding pro se, brings this action against Defendant USD 500 Kansas City, Kansas asserting claims for discrimination and retaliation based on race and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age in violation of the Age Discrimination in Employment Act ("the ADEA"). This matter is before the Court on Defendant's Motion to Extend Deadlines (Doc. 56). For the reasons explained below, the Court denies Plaintiff's motion.

Plaintiff's motion for extension of time requests an extension of her deadlines for responding to Defendant's First Interrogatories and First Requests for Production of Documents (Doc. 54) and amending her Complaint consistent with this Court's Order granting Defendant's motion to dismiss (Doc. 55).[1] Plaintiff requests "an extension of at least until 2027" to allow her time to either hire an attorney or better learn her rights. The Court finds that Plaintiff's motion for extension of time is both deficient and not warranted.

[1] Plaintiff's motion specifically states that she is "requesting this extension in response to the latest deadlines from Attorney Greg Goheen's deposition questions, and the most recent amended ADEA deadline from Judge Julie A. Robinson." The Court presumes that Plaintiff was referring to the deadlines associated with Defendant's First Interrogatories and First Requests for Production of Documents when she was referring to "deposition questions."

Under D. Kan. Rule 6.1(a):

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must be filed as soon as practicable and in no event less than 3 days before the specified time. The motion must show:
> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension.

Here, Plaintiff's motion omits discussion regarding consultation with the other party, the date that her acts are first due, or prior extensions that have been granted. Instead, Plaintiff solely discusses the cause for the requested extension. While pro se litigant's pleadings are held to a less stringent standard, "plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding pro se. Pro se litigants must follow rules of procedure, including local rules."[2] And since she filed her initial Complaint in May 2025, Plaintiff has had ample time to learn how to navigate this Court's rules.

But even ignoring those deficiencies, the Court still finds that the requested extension is not warranted. Plaintiff requests an open-ended, indefinite extension of "at least until 2027"; in other words, Plaintiff asks the Court to stay these proceedings for at least two months. The Court has already granted Plaintiff a third opportunity to remedy her Complaint, and Plaintiff has had over a year since she filed her initial Complaint to consult with an attorney or personally learn her rights. The Court therefore finds that providing Plaintiff with such an extensive opportunity to accomplish these same tasks is not warranted.

[2] *Beams v. Norton*, 335 F. Supp. 2d 1135, 1139 (D. Kan. 2004) (internal citation omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Extend Deadlines (Doc. 56) is **denied**. The clerk's office is to mail a copy to plaintiff.

**IT IS SO ORDERED.**

Dated: October 30, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE